UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------
ORLANDO BERRIOS,

               Plaintiff,

-against-

THE CITY OF NEW YORK, NYPD SGT
GREGORY TOBIN, NYPD POLICE OFFICER
RONALD PEREIRA, NYPD POLICE OFFICER
CARLOS ANCHUNDIA, NYPD POLICE OFFICER
BENIGNO GONZALEZ, and NYPD POLICE
OFFICER JOHN DOE, individually and in
their official capacities,

               Defendants.
--------------------------------------

14-CV-3463 (JBW) (JO)

**FIRST AMENDED
COMPLAINT**

**Jury Trial Demanded**

       Plaintiff, by his counsel, AARON M. RUBIN, ESQ, hereby alleges as follows, upon knowledge as to himself and his acts, and as to all other matters upon information and belief:

       1.   Plaintiff brings this action for compensatory and punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 for violations of his civil rights under the United States Constitution.

       2.   Jurisdiction in this Court is established pursuant to 28 U.S.C. §§ 1331 and 1343.

       3.   Venue is properly laid in the Eastern District of New York under 28 U.S.C. § 1391(b) because the incidents giving rise to the claims took place in Kings County, where the plaintiff was also a resident.

4.   Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P 38(b).

5.   Plaintiff is a 31-year old man of Hispanic decent and at all relevant times was a United States citizen and resident of Kings County in the State of New York.

6.   Defendant CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York.  The CITY OF NEW YORK is authorized by law to maintain the New York City Police Department ("NYPD"), which acts as the City's agent in the area of law enforcement and for which it is ultimately responsible.  The CITY OF NEW YORK assumes the risks incidental to the maintenance of the NYPD, and the employment of its police officers.  Additionally, the CITY OF NEW YORK was at all times relevant herein the public employer of Sergeant GREGORY TOBIN, police officer RONALD PEREIRA, police officer CARLOS ANCHUNDIA, police officer BENIGNO GONZALEZ, and police officer JOHN DOE.

**STATEMENT OF FACTS**

7.   This action arises from the malicious pattern and practice of the defendant police officers, who repeatedly assaulted and arrested plaintiff without

justification and then falsely charged him with crimes of resisting arrest and assault to cover for their own unlawful conduct.

***The 2011 Incident***

8.   On or about the evening of March 17, 2011, plaintiff was a passenger in a car in the Red Hook section of Kings County when members of the NYPD, including Sgt. TOBIN, police officer ANCHUNDIA, and police officer John Doe, acting together, stopped the car without probable cause or lawful justification.  The car was driven by another individual and did not belong to plaintiff.

9.   Upon stopping the car, defendant police officers directed plaintiff to exit the vehicle, whereupon the officers detained and handcuffed plaintiff and performed a search of his person without reasonable suspicion that plaintiff had committed, was committing, or was about to commit any crime or offense.

10.   Defendant police officers, including Sgt. TOBIN, searched the inside of the car without a warrant or any legal justification.

11.   Police did not find any narcotics or controlled substances on plaintiff's person.

12.   Police did not recover any narcotics or controlled substances in the car.

13.   Police did not recover any narcotics or controlled substances from any person in the vehicle.

14.   Plaintiff asked why he was being searched. Sgt TOBIN told plaintiff to "shut the fuck up" and hit plaintiff's face with his hand.

15.   Sgt. TOBIN directed police officer ANCHUNDIA to search plaintiff again and to make sure he "shuts the fuck up."

16.   Police officer ANCHUNDIA then punched plaintiff in the stomach with his fist, and repeatedly in and around the head and face, all while plaintiff remained handcuffed and detained.

17.   Police officer ANCHUNDIA tripped plaintiff, causing plaintiff to fall to the ground while still handcuffed.

18.   Police officer ANCHUNDIA and Sgt. TOBIN, acting with other defendant police officers, dragged plaintiff by his ankles along the concrete ground and sprayed mace in plaintiff's face and eyes.

19.   Plaintiff began to experience difficulty breathing from the spray of mace and told the defendant police officers that he could not breath.

20.   Defendant police officers called for emergency medical services.  Before the medical services

arrived, defendant police officers again repeatedly struck
plaintiff with their fists.

21.   Plaintiff received medical treatment at a
hospital.

22.   After receiving medical treatment, plaintiff
remained in the custody of defendant police officers, who
again repeatedly struck plaintiff in and around the body
and head.

23.   Defendant police officers transported
plaintiff to the Precinct where they imprisoned him and
falsely charged plaintiff with the crimes of assaulting a
police officer, in violation of Penal Law section
120.05(3), resisting arrest, in violation of Penal Law
section 205.30, criminal possession of a controlled
substance in the second degree, in violation of Penal Law
section 220.18(3), criminal possession of a controlled
substance in the third degree, in violation of Penal Law
section 220.16(1), criminal possession of a controlled
substance in the fifth degree, in violation of Penal Law
section 220.06(1), and criminal use of drug paraphernalia,
in violation of Penal Law section 220.50(2).

24.   At the Precinct, police officers from the
Internal Affairs Bureau of the NYPD interviewed plaintiff
about the conduct of the defendant police officers.

25.   The Internal Affairs Bureau is the NYPD's internal watchdog group, which is established to prevent, uncover and investigate corruption, perjury and criminal conduct within the NYPD.

26.   Defendant police officers imprisoned plaintiff until the next day when he was arraigned in Kings County criminal court on criminal charges that were based on the intentionally false statements of defendant police officers.

27.   Defendant police officers, including Sgt. Tobin, police officer Anchundia and police officer John Doe, provided false statements to members of the Kings County District Attorney's Office that they knew were false, claiming that plaintiff assaulted police officers, fled from police, and possessed narcotics on his person.

28.   Plaintiff was released from prison after the arraignment.

29.   A few days later, police officers from the Internal Affairs Bureau visited plaintiff's house and again interviewed him about the conduct of the defendant police officers.

30.   Defendant police officers continued to assert their false statements to prosecutors in the Kings County District Attorney's office to increase the pressure

on the plaintiff to accept a plea deal in an effort to limit his ability to seek redress.

31.   Defendant police officers, including police officer ANCHUNDIA and police officer John Doe, provided sworn false testimony in the grand jury claiming that plaintiff assaulted police officers, fled from police, and possessed narcotics on his person.

32.   Based on the false testimony, the grand jury voted an indictment charging plaintiff with two counts of criminal possession of a controlled substance in the third degree, in violation of Penal Law section 220.16(1) and 220.16(12), criminal possession of a controlled substance in the fourth degree, in violation of Penal Law section 220.09(1), criminal possession of a controlled substance in the seventh degree, in violation of Penal Law section 220.03, and assault on police officer ANCHUNDIA, in violation of Penal Law section 120.05(3).

33.   Plaintiff remained out while the case was pending until the 2013 Incident.

***The 2013 Incident***

34.   On or about the evening of May 1, 2013, in the Red Hook section of Kings County, plaintiff was lawfully on the sidewalk when defendant police officers, including Sgt. TOBIN, police officer GONZALEZ, police

officer PEREIRA and police officer John Doe, stopped,
detained and searched plaintiff without reasonable
suspicion that plaintiff had committed, was committing, or
was about to commit any crime or offense.

      35.   Plaintiff immediately recognized Sgt. TOBIN
from the 2011 incident.

      36.   Defendant police officers, including Sgt.
TOBIN and police officer GONZALEZ, struck plaintiff with
their handheld radios and fists in and around his body and
head.

      37.   Defendant police officers stated to
plaintiff that "this" was for speaking to the Internal
Affairs Bureau regarding the 2011 incident.

      38.   Defendant police officers tripped plaintiff
causing him to fall to the ground.

      39.   Defendant police officers kicked plaintiff
in and around the head and eye.

      40.   Defendant police officers transported
plaintiff to the Precinct where they imprisoned him and
charged plaintiff with the crimes of assaulting a police
officer, in violation of Penal Law section 120.05(3),
resisting arrest, in violation of Penal Law section 205.30,
and disorderly conduct, in violation of Penal Law section
240.20(7).

41.   Defendant police officers imprisoned plaintiff until the next day when he was arraigned in Kings County criminal court on criminal charges that were based on the intentionally false statements of defendant police officers, including police officer PEREIRA, to members of the Kings County District Attorney's Office.

42.   Defendant police officers, including police officer John Doe, provided sworn false testimony to the grand jury claiming that plaintiff assaulted police officers and resisted arrest.

43.   Based on that false testimony, the grand jury voted an indictment charging assault on a police officer in violation of Penal Law section 120.05(5), assault in the third degree, in violation of Penal section 120.00, resisting arrest, in violation of Penal Law section 205.30, and harassment in violation of Penal Law section 240.26.

44.   Plaintiff knew that the force of multiple police officer witnesses testifying against him would make it unusually difficult to prevail at a trial and very risky, even though the police testimony was false.

45.   Plaintiff pled guilty to attempted criminal possession in the fourth degree in violation of Penal Law section 220.09, and resisting arrest, because he received a

9

significantly better sentence from a plea deal than if he
was convicted at trial, and plaintiff did not want to take
the risk of a much more serious prison sentence if he went
to trial.

46.   Plaintiff has remained incarcerated since
September 19, 2013, for the sentence of 3 years he received
on the charges of resisting arrest and criminal possession
of a controlled substance in the fourth degree.

**FIRST CLAIM:   EXCESSIVE FORCE/FALSE IMPRISONMENT/**

**ILLEGAL SEARCH**

47.   Plaintiff re-alleges and incorporates by
reference the allegations set forth above.

48.   Defendant police officers used force against
the plaintiff that was excessive, objectively unreasonable
and without legal justification.

49.   Defendant police officers arrested, searched
and imprisoned plaintiff without legal justification or
probable cause.

50.   This conduct by defendant police officers
caused physical and emotional pain and suffering to
plaintiff, including burns in and around plaintiff's head
and face, facial and bodily scars, persistent blurry
vision, and a shoulder injury, in addition to prolonged
imprisonment.

51.   As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## SECOND CLAIM: ABUSE OF PROCESS

52.   Plaintiff re-alleges and incorporates by reference the allegations set forth above.

53.   Defendants maliciously issued criminal process against plaintiff by, among other things, falsely arresting and charging him, making false statements to members of the Kings County District Attorney's Office, and falsely testifying before the grand jury.

54.   Defendants willfully issued process in order to cover up their acts of assault and abuse of authority.

55.   As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## THIRD CLAIM: RETALIATION AND FIRST AMENDMENT

56.  Plaintiff re-alleges and incorporates by reference the allegations set forth above.

57.  Defendants assaulted plaintiff and falsely arrested and imprisoned him in violation of his rights under the first amendment in retaliation for plaintiff's meeting with the Internal Affairs Bureau.

58.  As a result of the foregoing, plaintiff is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

## FOURTH CLAIM:  MUNICIPAL LIABILITY

59.  Plaintiff re-alleges and incorporates by reference the allegations set forth above.

60.  The CITY OF NEW YORK directly caused the constitutional violations suffered by Plaintiff, and is liable for the damages suffered by Plaintiff as a result of the conduct of the defendant police officers.

61.  The conduct of the defendant officers was a direct consequence of policies and practices of the CITY OF NEW YORK.

62.  At all times relevant to this complaint, the CITY OF NEW YORK, acting through the NYPD, had in effect

policies, practices and customs that condoned and fostered the unconstitutional conduct of the individual defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

63.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials with all the actual and apparent authority attendant thereto.

64.  The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK, all under the supervision of ranking officers of the NYPD.

65.  The aforementioned customs, policies, usages, practices, procedures, and rules of the CITY OF NEW YORK and NYPD, include but are not limited to the following unconstitutional practices:  failing to properly train; failing to supervise police officers; subjecting persons to violations of their constitutionally protected rights; subjecting persons to false arrest; subjecting persons to abuse of process; failing to discipline.

66.  The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and

NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of the Plaintiff.

67.   The foregoing customs, policies, usages, practices, procedures and rules of the CITY OF NEW YORK and NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

68.   Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate police officers and were directly responsible for the violation of plaintiff's constitutional rights.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands the following relief jointly and severally against all the Defendants:

    (1)  Compensatory damages in an amount to be determined by a jury at trial;

    (2)  Punitive damages in an amount to be determined by a jury at trial;

    (3)  The convening and empanelling of a jury to consider the merits of the claims herein;

    (4)  Costs, interest and attorney's fees;

    (5)  Such other and further relief as this court may deem just and proper.

Dated:  New York, New York
        October 14, 2014

                             AARON M. RUBIN
                             Attorney for Plaintiff

                             _____/s/_____
                             BY: Aaron M. Rubin, Esq.

                             9 East 40th Street, 11th Floor
                             New York, New York 10016
                             (212) 725-4600